KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Dave Batchelder

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dave Batchelder,<br><br>      Plaintiff,<br><br>   vs.<br><br>Enterprise Recovery Systems, Inc.; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Dave Batchelder, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dave Batchelder (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enterprise Recovery Systems, Inc. (hereafter "Enterprise"), is a company with an address of 2400 South Wolf Road, Suite 200, Westchester, Illinois 60154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enterprise and whose identities are currently unknown to the Plaintiff. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enterprise at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Alleged Debt**

8. The Plaintiff allegedly incurred a student loan financial obligation (the "Debt") to the United States Department of Education (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Enterprise for collection, or Enterprise was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Enterprise Engages in Harassment and Abusive Tactics**

12. Within the last year, Enterprise contacted Plaintiff in an attempt to collect the alleged Debt.

13. In 2011, Enterprise convinced Plaintiff to agree to enter into a loan rehabilitation program with Enterprise.

3

14.     Enterprise informed Plaintiff that if he made nine consecutive payments of $332.00 within seven to nine months to Enterprise then the alleged Debt would no longer be in default and Enterprise would return the alleged Debt to the Creditor.

15.     Plaintiff made his first payment to Enterprise on or about February 28, 2011.

16.     Plaintiff proceeded to make nine payments of $332.00 each to Enterprise within the following seven months. Plaintiff made his final payment to Enterprise on or about August 31, 2011.

17.     On or about February 2012, Plaintiff placed an outbound call to Enterprise for clarification on a tax-related issue.

18.     Enterprise notified Plaintiff for the first time during this February 2012 conversation that it could not "obtain funding" for Plaintiff's loan rehabilitation program.

19.     Several Enterprise representatives told Plaintiff that he needed to re-start the entire loan rehabilitation program and make nine more payments to Enterprise before it could return the alleged Debt to the Creditor as a non-defaulted loan.  Enterprise repeatedly referred to a lack of "funding" as the explanation for why Plaintiff did not complete the loan rehabilitation program.

20.     Plaintiff has asked Enterprise on numerous occasions to review recordings of conversations between Enterprise and Plaintiff and relevant account notes to

4

determine why Enterprise alleges that Plaintiff did not successfully complete the loan rehabilitation program.

21. Plaintiff explicitly asked Enterprise to provide him with written correspondence detailing what happened with the loan rehabilitation program for the alleged Debt. Enterprise has failed to do so.

22. Enterprise first told Plaintiff that it would review the recordings and then contact Plaintiff with its findings. Despite this, Enterprise never contacted Plaintiff with its findings.

23. During a subsequent conversation with Plaintiff, an Enterprise representative told Plaintiff that he would review the recordings but regardless of what he determines, he will not contact Plaintiff or send Plaintiff any written correspondence because the only option for Plaintiff was to begin another loan rehabilitation program all over again.

24. On or about May 16, 2012, Enterprise changed its reasoning for why Plaintiff allegedly did not complete the loan rehabilitation program. Enterprise told Plaintiff that it could have "funded the loan" and returned it to the Creditor, however, Plaintiff allegedly did not sign and return a form that Enterprise had sent Plaintiff after Plaintiff made his final payment to Enterprise.

25. Plaintiff is unaware of Enterprise ever notifying him that he had to return a written form back to them in order to complete the rehabilitation program.

5

26.     Further, Enterprise never mentioned to Plaintiff that it was awaiting a signed document from him.

27.     Enterprise told Plaintiff in May of 2012 that the Creditor would take legal action against Plaintiff if he does not begin another loan rehabilitation program because the Plaintiff is "refusing to pay [the alleged Debt]."

28.     Due to Enterprise's misleading statements and failure to timely return the account to the Creditor, the alleged Debt is still showing to be in default status with the Creditor.

29.     Upon information and belief, Enterprise has returned the alleged Debt back to the Creditor after Plaintiff brought these issues to its attention but the account continues to be showing in default status with the Creditor.

30.     Additionally, Enterprise has upon information and belief wrongfully charged Plaintiff with fees and costs despite the fact that Plaintiff complied with Enterprise's rehabilitation program and the alleged Debt should no longer be in Enterprise's possession.

31.     Enterprise attempted to require Plaintiff to enter into yet another rehabilitation program which would have caused him to pay more hiked up fees and costs for Enterprise's failure to take the alleged Debt out of default status previously.

32. Upon information and belief, Enterprise charged and continues to assess a more than 18.5% collection fee on Plaintiff's alleged Debt in violation of the Higher Education Act and the underlying Creditor loan documents.

**C.     Plaintiff Suffered Actual Damages**

33. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

34. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

38. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

39. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

40. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

41. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

42. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(2).

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 12, 2012                LEMBERG & ASSOCIATES, LLC


By: */s/   Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Dave Batchelder